In re: Frank SALAZAR; In re: Margaret Salazar, Debtors,

Frank Salazar; Margaret Salazar, Appellants,

v.

Kathleen A. McDonald; Armando Flores; Christine Flores, Appellees.

No. 04–15180.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Dec. 5, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Christopher P. Burke, Esq., Las Vegas, NV, for Debtors.

Kathleen A. McDonald, Las Vegas, NV, pro se.

Armando Flores, North Las Vegas, NV, pro se.

Christina Flores, Henderson, NV, pro se.

Armando Flores, Las Vegas, NV, pro se.

Before: BEEZER, KOZINSKI, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Frank and Margaret Salazar, the debtors in a Chapter 13 [1] bankruptcy proceeding, appeal the decision of the bankruptcy appellate panel which affirmed the bankruptcy court's determination that Armando and Christine Flores have a priority claim in bankruptcy.[2]  We affirm.

■  (1) The Salazars assert that they were deprived of due process when the bankruptcy court raised the priority issue sua sponte at the hearing on their objections to the Floreses' purported secured claim.  They do so without citation of authority or argument.  Mere assertions, or passing references, are not sufficient to place an issue before us for consideration.  *See Alcock v. Small Bus. Admin. (In re Alcock)*, 50 F.3d 1456, 1461 n. 9 (9th Cir. 1995).  We decline to consider the issue.

■  (2) The Salazars argue that because the Floreses' claim was late, it need not (and should not) be paid at all.  The objection was not raised to the bankruptcy court, and we will not entertain it for the first time on appeal.  *See Crawford v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 11 U.S.C. §§ 1301–1330.

2. We address the priority issue in an opinion filed this date.  In this memorandum disposition we address some ancillary issues.

*Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir. 1996); *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

■ (3) The Salazars argue that because the priority nature of the claim was not mentioned until after their plan was confirmed, it was mentioned too late. Again, that was not raised in the bankruptcy court and we decline to consider it now. *See Crawford*, 96 F.3d at 389 n. 6; *Int'l Union*, 752 F.2d at 1404.

■ (4) We decline to overturn the bankruptcy court's discretionary decision to let a premature payment to the Floreses stand rather than to expend the time and trouble needed to recover the amount and then pay it out again. No argument is made that it could not or would not be paid eventually. *See* 11 U.S.C. § 105(a).

AFFIRMED.